ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTELUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Tel: (562) 203-3030; Fax: (323) 297-2833
Email:      acasillas@casillaslegal.com
               dgastelum@casillaslegal.com

M. LAWRENCE LALLANDE, SR., SBN 113663
KARINA N. LALLANDE, SBN 273883
**LALLANDE LAW, PLC**
2801 E. Spring Street, Suite 200
Long Beach, CA 90806
Tel.: (562) 436-8800; Fax: (562) 436-8810
Email: mll@lallandelaw.com
          knl@lallandelaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ALARCIO, an incompetent adult, by and through his Guardian Ad Litem, Rachel Alarcio; RACHEL ALARCIO; LIGAYA ALARCIO, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH; JAMES MCDONNELL; JONATHAN E. SHERIN, M.D., PH.D.; TIGRAN I. GEVORKIAN, M.D.; KIM R. GUY, M.D.; and DOES 1 to 10, <br><br> Defendants. | **CASE NO.** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. Failure to Protect from Harm, Fourteenth Amendment Violation (42 U.S.C. § 1983) <br> 2. Failure to Provide Medical Care, Fourteenth Amendment Violation (42 U.S.C. § 1983) <br> 3. Municipal Liability for Unconstitutional Policies, Procedures, Practices and Customs (42 U.S.C. § 1983) <br> 4. Supervisory Liability for Unconstitutional Policies, Procedures, Practices and Customs (42 U.S.C. § 1983) <br> 5. Interference with Familial Association, Fourteenth Amendment Violation (42 U.S.C. § 1983) <br> 6. Negligence <br> 7. State Civil Rights Violations (Cal. Civ. Code § 52.1) <br> 8. Failure to Summon Immediate Medical Care [Cal. Gov. Code § 845.6] <br><br> **DEMAND FOR JURY TRIAL** |

## **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs WESLEY ALARCIO, an incompetent adult, by and through his Guardian Ad Litem, Rachel Alarcio; RACHEL ALARCIO; LIGAYA ALARCIO, and allege as follows:

## **I.**

## **INTRODUCTION**

1.    This civil rights action seeks to establish the true and unequivocal facts surrounding the brutal and violent attack of Wesley Alarcio on July 14, 2018, and to bring to public light the deliberate disregard for safety and protection carried out by the individual defendants in the present action.

2.    This civil rights action further seeks to establish the violations of fundamental rights under the United States Constitution which resulted in the attack of Westley Alarcio on July 14, 2018 – an attack which has left Mr. Alarcio in a permanent vegetative state.

3.    At the time of the attack, Wesley Alarcio was a mentally ill 67-year old elderly man, who suffered from severe emotional and mental disorders leaving him vulnerable and as prey to violent inmates.  On July 14, 2018, Wesley Alarcio was brutally and repeatedly beaten in his cell by his cell inmate, Kyler Austin Gray. Kyler Austin Gray was known by the individual defendants to be aggressive and violent based on his violent history.  Kyler Austin Gray was a known violent predator who preyed on the weak and the most vulnerable.  Because of these traits, his mental/medical condition, and his tendency toward violence, each defendant herein knew that Kyler Austin Gray posed a imminent threat of violence and harm to all other inmates in his immediate vicinity.

4.    Long before the attack of Wesley Alarcio, each of the individually named defendants from the Los Angeles County Sheriff's Department and the Los Angeles County Department of Mental Health knew that there existed at the Twin Towers Correctional Facility a great indifference to the safety and protection of

1    inmates, particularly mentally ill and vulnerable inmates. This indifference consisted

2    of a total disregard by the custodial staff and mental health staff for mentally ill,

3    vulnerable inmates who were susceptible to being preyed upon by violent predatory

4    inmates.

5           5.       Despite this long history of inmate on inmate violence, each of the

6    individually names defendants in this lawsuit deliberately failed to take even modest

7    actions to prevent predatory behavior amongst inmates.  Thus, by the time Wesley

8    Alarcio was taken into custody and placed at the Twin Towers Correctional Facility,

9    violent inmates knew that they could continue to prey on the most vulnerable with no

10    interference on part of the custodial staff or the mental health staff.

## II.

## JURISDICTION AND VENUE

13           6.       This is a civil rights action arising from Defendants' deliberately

14    indifferent and/or reckless and/or negligent failure to perform their duty to protect

15    Wesley Alarcio from his violent cellmate Kyler Austin Gray, and from the failure to

16    properly supervise on the part of the Defendants sued based on supervisorial liability,

17    which duty breaches and failures occurred in the County of Los Angeles, California,

18    resulting in the violent attack of Wesley Alarcio on July 14, 2018.

19           7.       This action is brought for the redress of alleged deprivations of

20    constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, and the Fourteenth

21    Amendment of the United States Constitution.  Jurisdiction is founded on 28 U.S.C.

22    §§ 1331, 1343, and 1367.

23           8.       Venue is proper in this Court under 28 U.S.C. § 1391(b), because

24    Defendants reside in, and all incidents, events, and occurrences giving rise to this

25    action occurred in the County of Los Angeles, California.

26    ///

27    ///

28    ///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

### III.

### PENDANT CLAIMS

9.      With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.  Plaintiffs have complied with the California Tort Claims Act requirements. With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

### IV.

### PARTIES

10.     Plaintiff WESLEY ALARCIO is an incompetent adult unqualified to bring suit on his own behalf. Plaintiff WESLEY ALARCIO resided in the City of Los Angeles, California. Plaintiff RACHEL ALARCIO is the 18-year-old biological daughter of Plaintiff WESLEY ALARCIO and acting as his Guardian Ad Litem.

11.     At all times relevant hereto, Plaintiff LIGAYA ALARCIO is and was a resident of the County of Los Angeles, California.  She is and was the lawful wife of WESLEY ALARCIO.

12.     At all times relevant hereto, Plaintiff RACHEL ALARCIO is and was a resident of the County of Los Angeles California.  She is and was the natural daughter of WESLEY ALARCIO.

13.      Defendant COUNTY OF LOS ANGELES (hereinafter also "COUNTY") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

14.     Defendant COUNTY owns, operates, manages, directs and controls Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT  (hereinafter also "LASD"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LASD employees, complied with the laws and the Constitutions of the United States and of the State of California.  Defendant COUNTY, through LASD, is and was responsible for ensuring the safety of all persons incarcerated in Twin Towers Correctional Facility (hereinafter also "TTCF") and providing them appropriate medical and mental health treatment.

15.     In this case, the COUNTY acted through its agents, employees, and servants, including the policymakers for LASD, through former LASD Sheriff Defendant JAMES MCDONNELL (hereinafter also "MCDONNELL"). Defendant MCDONNELL was the Sheriff of the LASD from December 1, 2014 to December 3, 2018. Defendant COUNTY owns, operates, manages, directs and controls the LASD, which employs other Doe Defendants in this action. Defendant COUNTY owns, operates, manages, directs and controls LASD, which employs other Doe Defendants in this action.

16.     Defendant COUNTY owns, operates, manages, directs and controls Defendant LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH (hereinafter also "LACDMH"), also a separate public entity, which employs other Doe Defendants in this action. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including LACDMH employees, complied with the laws and the Constitutions of the United States and of the State of California.  Defendant COUNTY, through LACDMH, is and was responsible for ensuring the safety of all persons incarcerated in Twin Towers

///

1  Correctional Facility and providing them appropriate medical and mental health
2  treatment.
3      17.    Defendant JONATHAN E. SHERIN, M.D., PH.D. (hereinafter also
4  "DR. SHERIN"), was at all times mentioned herein the Director of LOS ANGELES
5  COUNTY DEPARTMENT OF MENTAL HEALTH and in charge of Jail Mental
6  Health operations in the COUNTY OF LOS ANGELES, where Plaintiff WESLEY
7  ALARCIO resided at the time of the violent attack. DR. SHERIN was responsible for
8  the management and administration of mental health services of the TTCF; for the
9  selection, promotion, supervision, training, discipline and retention of mental health
10  workers working within the TTCF, including counselors, nurses, doctors, physician
11  assistants, mental health staff and supervisors; and for the implementation of mental
12  health policies and procedures at TTCF.  DR. SHERIN was regularly provided with
13  reports concerning the treatment of mentally ill inmates, and other violations
14  involving the mental health care and treatment of inmates at TTCF.  Pursuant to
15  California law and his duties as the Director of the LOS ANGELES COUNTY
16  DEPARTMENT OF MENTAL HEALTH, DR. SHERIN is sued in his individual
17  capacity, as a supervisor for his own culpable action or inaction in the training,
18  supervision or control of his subordinates, or his acquiescence in the constitutional
19  deprivations which this Complaint alleges, or for conduct that showed reckless or
20  callous indifference for others. DR. SHERIN's affirmative conduct involves his
21  knowing failure to ensure enforcement of policies, rules or directives that set in
22  motion a series of acts by others which he knew or reasonably should have known
23  would cause others to inflict a constitutional injury on Plaintiff WESLEY ALARCIO.
24      18.    Defendant TIGRAN I. GEVORKIAN, M.D. (hereinafter also (DR.
25  GEVORKIAN"), was at all times mentioned herein a treating psychiatrist for
26  Plaintiff WESLEY ALARCIO in the Los Angeles County Jails and responsible for
27  providing competent mental health and medical care, treatment and follow-up care
28  ///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1  to Plaintiff WESLEY ALARCIO. Defendant DR. GEVORKIAN is sued in his

2  individual capacity.

3      19.   Defendant KIM R. GUY, M.D. (hereinafter also (DR. GUY"), was at

4  all times mentioned herein a treating psychiatrist for Plaintiff WESLEY ALARCIO

5  in the Los Angeles County Jails and responsible for providing competent mental

6  health and medical care, treatment and follow-up care to Plaintiff WESLEY

7  ALARCIO. Defendant DR. GUY is sued in his individual capacity.

8      20.   At all times relevant to the facts alleged herein, Defendant COUNTY

9  possessed the power and authority to adopt policies and prescribe rules, regulations,

10  and practices affecting all facets of the training, supervision, control, employment,

11  assignment and removal of individual members of the LASD and the LACDMH,

12  including those individuals charged with protecting the health and safety of detainees

13  and arrestees at COUNTY detention facilities, including plaintiff WESLEY

14  ALARCIO. At all times relevant to the facts alleged herein, Defendant COUNTY

15  was responsible for assuring that the actions, omissions, policies, procedures,

16  practices and customs of its employees, including LASD and LACDMH employees

17  and agents, complied with the laws and the Constitutions of the United States and of

18  the State of California.  Defendant COUNTY, through LASD and LACDMH, is and

19  was responsible for ensuring the safety of all persons incarcerated in the jail within

20  the Twin Towers Correctional Facility and providing them appropriate medical and

21  mental health treatment.

22      21.   Defendant JAMES MCDONNELL (hereinafter also "MCDONNELL"

23  and "SHERIFF MCDONNEL") was from December 1, 2014 to December 3, 2018

24  the Sheriff of Defendant COUNTY OF LOS ANGELS, the highest policymaking

25  official of the LASD.  As Sheriff, Defendant MCDONNEL was, at all relevant times

26  alleged herein, responsible for the hiring, screening, training, retention, supervision,

27  discipline, counseling, and control of all LASD employees and/or agents. Defendant

28  MCDONNELL is and was charged by law with oversight and administration of the

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1    Twin Towers Correctional Facility (hereinafter also "Twin Towers"), including

2    ensuring the safety of the inmates housed therein. Defendant MCDONNELL was, at

3    all relevant times alleged herein,  responsible for the oversight, management, proper

4    housing and classification of inmates, safety of inmates, provision of mental health

5    care services to inmates, protection of inmates, compliance with Court orders, and

6    supervision of all employees and agents at the jail and correctional facilities of the

7    LASD, inter alia.  Defendant MCDONNELL was, at all relevant times alleged herein,

8    responsible for the promulgation of the policies and procedures and allowance of the

9    practices/customs pursuant to which the acts of the LASD alleged herein were

10   committed. Defendant MCDONNELL is being sued in his individual and official

11   capacities.

12         22.    Defendants DOE 1 through 5 are, and were at all relevant times

13   mentioned herein, custodial staff and mental health staff assigned to the LASD

14   correctional facility TTCF.  Defendants DOE 1 through 5 were assigned to work at

15   TTCF, and were responsible for carrying out LASD and LACDMH policies and

16   procedures and for ensuring the safety of inmates at TTCF. Defendants DOE 1

17   through 5 were assigned to work as the custodial and mental health staff for the

18   Mental Health Moderate Observation Housing (hereinafter also "MOH") of TTCF on

19   July 14, 2018; were responsible for the proper housing and classification of TTCF

20   inmates, including Plaintiff WESLEY ALARCIO and Kyle Austin Gray and other

21   MOH inmates,  and were responsible for the safety of inmates housed at LASD

22   correctional facilities and the MOH of TTCF, the periodic cell checks of MOH

23   inmates, the supervision of MOH inmates, the prevention of access to intoxicants by

24   MOH inmates,  the provision of mental health care services to MOH inmates, and, in

25   general, the protection of TTCF inmates and those housed in the MOH, including

26   WESLEY ALARCIO, as well as the promulgation of the policies, procedures, and

27   allowance of the practices and customs, pursuant to which the acts of the employees

28   of TTCF, alleged herein, were committed. Defendants DOE 1 through 5 were either

present at the classification meeting when it was decided that WESLEY ALARCIO would be housed with Kyler Austin Gray, or Defendants DOE 1 through 5 were notified of the decision, and failed to override it, in-effect approving of it. Defendants DOE 1 through 5 are being sued in their individual capacities.

23.    At all relevant times, each of the Defendants engaged in the acts or omissions alleged herein under color of state law.

24.    At all relevant times, each of the Defendants DOES 1 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of Defendants COUNTY OF LOS ANGELES, LASD and LACDMH and is sued in their individual capacities.

25.    The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sue these Defendants by such fictitious names. Plaintiffs will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

26.    Defendants DOES 6 through 10 are and were also supervisorial employees for Defendant COUNTY OF LOS ANGELES, LASD and LADMH who were acting under color of law within the course and scope of their duties as the custodial and mental health staff of the LASD correctional facilities, including TTCF. Defendants DOES 6 through 10 were acting with the complete authority and ratification of their principal, Defendant COUNTY OF LOS ANGELES, LASD and LACDMH.  Defendants DOES 6 through 10 were responsible for, inter alia, supervising Defendant DOES 1 through 5, to ensure they properly performed their duties, and were responsible for supervising the assigned custodial and mental health staff of TTCF, to ensure they properly performed their duties, including conducting proper cell checks and other safety checks, supervising inmates, and performing other tasks to ensure inmate safety, ensuring the proper housing of MOH inmates, ensuring

that proper, timely, and complete cell checks were conducted, ensuring the safety of MOH inmates in the facility, ensuring that the periodic supervision of inmates occurred, ensuring that inmates did not manufacture or have access to intoxicants, including inmate manufactured alcohol, and was responsible in general for the supervision of personnel below him in the chain of command, including sergeants, custodial staff and mental health, and other LASD/LACDMH employees and agents who had a legal duty to appropriately supervise and protect inmates under their care, including WESLEY ALARCIO

27.    Defendants DOES 6 through 10 were also duly appointed deputies, sergeants, lieutenants, detectives, civilian/medical employees or other supervisors, officials, executives and/or policymakers of LASD and LACDMH, a department and subdivision of Defendant COUNTY OF LOS ANGELES, and at all times mentioned herein said Defendants were acting in the course and scope of their employment with Defendant COUNTY OF LOS ANGELES, which is liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

28.    Defendants DOES 6 through 10 are managerial, supervisorial, and policymaking employees of Defendant COUNTY OF LOS ANGELES, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for Defendant COUNTY OF LOS ANGELES. Defendants DOES 6 through 10 were acting with the complete authority and ratification of their principal, Defendant COUNTY OF LOS ANGELES.

29.    Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein Defendants MCDONNELL, SHERIN and DOES 1 through 10, inclusive, were employees, agents and/or servants of the COUNTY, acted within the course and scope of said employment, agency and/or service, and possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the COUNTY Detention facilities, including the TTCF, and concerning the means by which the life

10

and safety of arrestees and detainees were to be secured, what criteria were to be used for placing arrestees and detainees together in custody, what methods of placement of an arrestee or detainee in a jail cell were appropriate to safeguard the life and safety of the arrestee or detainee, the manner in which threats to the life and safety of an arrestee or detainee were to be evaluated and acted upon, what safeguards were to be in place to prevent inmates, arrestees or detainees who posed a threat to others in the facility from being permitted physical access to those others, what actions were to be taken when an arrestee or detainee is attacked or injured while incarcerated within a COUNTY detention facility, and what methods of surveillance were to be used within each detention facility to insure immediate response to and prevention of incidents of violence occurring within jail cells.

30.     Each of the Defendants caused and is responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant, such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally. They are sued in their individual and official capacities and in some manner are responsible for the acts and omissions alleged herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such name and responsibility when that information is ascertained.  Each of the Defendants is the agent of the other.

///

///

## V.

## FACTS COMMON TO ALL CAUSES OF ACTION

31.    Plaintiff WESLEY ALARCIO is a 67-year-old elderly man who is in a permanent vegetative state as a result of the brutal beating by inmate Kyler Austin Gray.  WESLEY ALARCIO had a history of mental health needs, which was known, and well-documented, by the custodial and mental health staff of the LASD and LACDMH.  WESLEY ALARCIO's conditions included psychotic disorder, mood disorder, schizophrenia, bipolar, suicidality and hallucinations, for which he had been prescribed psychotropic medication. WESLEY ALARCIO remains in a vegetative state, which has left his wife LIGAYA ALARCIO and RACHEL ALARCIO, whom he once shared a close and loving relationship with, without the support of WESLEY ALARCIO and without familial relationship with WESLEY ALARCIO, including loss of love, companionship, comfort, affection, society, services, solace, and moral support.

32.    On May 30, 2018, Plaintiff WESLEY ALARCIO was arrested by deputies of the LASD.

33.    Plaintiff WESLEY ALARCIO was taken to the Inmate Reception Center of the LASD for booking.  On or about June 1, 2018, a mental health evaluation was performed, and it was determined that WESLEY ALARCIO was mentally unfit for general population. On or about June 3, 2018, WESLEY ALARCIO was placed in the High Observation Housing unit at Twin Towers Correctional Facility.

34.    On June 6, 2018, WESLEY ALARCIO was sent to Urgent Care Clinic of the Correctional Treatment Center CTC/MHU at Twin Towers for abnormal lab results then transferred to Los Angeles County USC Medical Center for further evaluation and treatment. WESLEY ALARCIO remained in custody while receiving medical treatment at Los Angeles County USC Medical Center until June 28, 2018, and then was transferred back to the Correctional Treatment Center at Twin Towers Correctional Facility.

35.     On or about July 10, 2018, Defendant DOES 1 through 5 submitted a referral requesting: "Need Psych Clearance housing."

36.     On or about July 10, 2018, Plaintiff WESLEY ALARCIO was transferred to the Mental Health Moderate Observation Housing (MOH) at Twin Towers Correctional Facility, which has a lower level of observation of inmates. WESLEY ALARCIO was then transferred to the Mental Health Moderate Observation Housing where violent inmates, like Kyler Austin Grey, were known to prey on vulnerable, mentally ill inmates like WESLEY ALARCIO.   This transfer was made by Defendant DOES 1 through 5 who, negligently, recklessly, and/or with deliberate indifference, designated WESLEY ALARCIO to be appropriate for housing at Mental Health Moderate Observation Housing, despite WESLEY ALARCIO's known mental health history by the custody and mental health staff of the Twin Towers Correctional Facility.  From May 30, 2018 to July 14, 2018, dozens of entries were made to  WESLEY ALARCIO's inmate file documenting the severity of his mental health needs. These entries documented the mental conditions WESLEY ALARCIO suffered from, including  psychotic disorder, mood disorder, schizophrenia, bipolar, suicidality and hallucinations.  These entries documented the various psychotic symptoms and behaviors exhibited by WESLEY ALARCIO throughout his six-week incarceration at Twin Towers, including rambling speech, odd behavior, bizarre behavior, active psychosis, spitting at fellow inmates, disheveled appearance, suicidal ideations, delusions, decompensating behavior, flooding of cell, lying on cell floor naked, soaked in urine, altered mental status, worsening mental status. The medical conditions, mental health needs and manifestations of psychosis are contained and reflected in the records and file concerning WESLEY ALARCIO, which information is incorporated by reference herein, as though fully set forth.

37.      At the time of transfer, Defendants DOES 1 through 5 had actual knowledge that WESLEY ALARCIO suffered from severe psychosis.   At the time of

the transfer, Defendants DOES 1 through 5 had actual knowledge that WESLEY ALARCIO, appreciating the direness of his mental health state and appreciating his deteriorating physical state, expressed concerns about his safety and requested to be placed in an "old man's dorm" to ensure his safety and protection. Given WESLEY ALARCIO's serious mental health issues and his safety concerns, as well as the fact that WESLEY ALARCIO's mental and physical deterioration made him prey to violent inmates like, Kyler Austin Gray, WESLEY ALARCIO was uniquely vulnerable and required special housing.

38.     Furthermore, it was not reasonable, and in fact it was foreseeably dangerous, to house WESLEY ALARCIO with Kyler Austin Gray, an inmate with a violent history,  because there was a high probability based on WESLEY ALARCIO's mental health history that an in-cell fight could break out, which carried a high probability of resulting in the murder of WESLEY ALARCIO given Kyler Austin Gray's violent history; and, because WESLEY ALARCIO was suffering from serious psychiatric conditions, for which he was not receiving adequate medical care, nor medication, there was also a high probability that the manifestations of his conditions (hallucinations, delusions, inter alia) could spark an in-cell fight and/or cause Kyler Austin Gray to "snap," thereby provoking a violent and lethal reaction from Kyler Austin Gray.

39.     As such, these Defendants were all on notice, that WESLEY ALARCIO's transfer to the Mental Health Moderate Observation Housing should be changed. In view of WESLEY ALARCIO's mental health issues, and the other circumstances described above and elsewhere in this complaint, Mental Health Moderate Observation Housing was not an appropriate designation. Yet, with deliberate indifference and/or negligently, Defendants DOE 1 through 5 failed to ensure that WESLEY ALARCIO'S status be changed to  status which accommodated a feeble elderly man who suffered from severe mental psychosis like WESLEY ALARCIO.

40.     On July 14, 2018, Defendants DOES 1 through 5 were assigned as the two floor deputies for the Mental Health Observation Housing of Twin Towers, which is the facility in which WESLEY ALARCIO was housed with Kyler Austin Gray.  Defendants DOES 1 through 5 were responsible for conducting periodic cell checks, including inmate safety checks every 30 minutes, including the cell where WESLEY ALARCIO was savagely beaten by Kyler Austin Gray, and were responsible for ensuring inmates did not have access to, manufacture, or consume intoxicants, such as alcohol, and were responsible generally for protecting the inmates under their care from assault, including WESLEY ALARCIO.

41.     On July 14, 2018, WESLEY ALARCIO was beaten and found in his cell unconscious, brain damaged, and severely injured. He has remained unresponsive ever since.

42.     Defendants COUNTY, LASD, LACDMH, and DOES 1 through 5, which included custodial and mental health staff of TTCF, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, protection and constitutional and statutory rights of plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things,

    a.     Selecting, retaining and assigning deputies to their jails who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional and statutory rights of detainees, arrestees and inmates who exhibit vulnerabilities  due to medical, mental health, and disabilities;

    b.     Subjecting persons in their jails to violence perpetrated by other detainees, arrestees or inmates;

    c.     Failing to take adequate security measures to protect detainees, arrestees and inmates from unnecessary harm, including but not limited to, the following: separation of detainees and arrestees from potentially violent

or dangerous inmates; use of security cameras to monitor violence within jail cells; training deputies to monitor detainees and inmates and immediately respond to acts of violence or threats of violence; monitoring drunken detainees who are unable to care for themselves.

d.  Failing to adequately train, supervise, and control deputies in the arts of law enforcement;

e.  Failing to adequately discipline deputies involved in misconduct; and

f.  Condoning and encouraging deputies in the belief that they can violate the rights of persons such as the Plaintiffs in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

43.  Defendants COUNTY, LASD, LACDMH, and DOES 1 through 5 acted with deliberate indifference and reckless disregard toward Plaintiff WESLEY ALARCIO's right to be protected and safe while housed at the Twin Towers Correctional Facility, and afforded due process of law arid by, among other things, the following acts:

a.  Placing Plaintiff WESLEY ALARCIO, an elderly, vulnerable detainee with identified mental health concerns, in a cell with inmates and/or arrestees whom Defendants knew or should have known had propensities for aggressive acts or acts of violence and mental instabilities, and not watching and protecting him;

b.  Placing WESLEY ALARCIO, an elderly and vulnerable detainee with identified mental health concerns, in a cell with other detainees, arrestees and inmates under circumstances which were conducive to the eruption of violence;

c.  Causing Plaintiff WESLEY ALARCIO, to remain in the cell with other inmates after Defendants knew that physical violence was imminent; and

d.  Not observing or protecting Plaintiff WESLEY ALARCIO, or otherwise

1    standing by and allowing a brutal beating on Plaintiff WESLEY
2    ALARCIO by another inmate to continue for an unreasonable period of
3    time, resulting in unnecessary and severe injury to Plaintiff WESLEY
4    ALARCIO.

5    44.    Plaintiffs are informed and believe that Defendants DOES 1 through 5
6    were aware of the threat the other inmate or inmates represented to Plaintiff
7    WESLEY ALARCIO, based on the inmates' criminal histories or exhibited violent
8    tendencies of which the deputies and other employees knew or should have known.
9    Defendants DOES 1 through 5  intentionally, recklessly and with deliberate
10   indifference, failed to take any security measures to protect detainees and arrestees of
11   minor offenses who were unable to defend themselves - such as Plaintiff WESLEY
12   ALARCIO, who was unable to care for himself or others - from inmates with violent
13   tendencies like Kyler Austin Gray.

14   45.    Plaintiffs are informed and believe, and on the basis of such information
15   and belief alleges, that defendants COUNTY and LASD ordered, authorized,
16   acquiesced in, tolerated, or permitted other defendants herein to engage in the
17   unlawful and unconstitutional actions, policies, practices, and customs set forth in the
18   preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of
19   constitutional violations based either on a deliberate plan by defendants or on
20   defendants' deliberate indifference, gross negligence, or reckless disregard to the
21   safety, security, and constitutional and statutory rights of Plaintiffs.

22   46.    Plaintiffs are informed and believe that the brutal beating was
23   perpetrated by deputies, by one or more inmates at the jail acting with the approval of
24   LASD deputies, or because of the deliberate indifference, gross negligence or
25   reckless disregard of deputies to the safety and security of Plaintiff WESLEY
26   ALARCIO.

27   47.    Plaintiffs are informed and believe that LASD deputies recklessly and
28   with deliberate indifference, failed to immediately and appropriately respond to the

1   brutal attack and allowed the attack to continue for an extended period of time,

2   causing Plaintiff WESLEY ALARCIO to suffer numerous and severe injuries,

3   resulting in permanent brain damage.

4        48.    Plaintiffs are informed and believe that LASD deputies, intentionally,

5   recklessly and with deliberate indifference, failed to take immediate action to

6   summon medical care for Plaintiff WESLEY ALARCIO, despite knowing he was in

7   need of immediate medical care.

8        49.    Defendants have been on notice for years that their provision of medical

9   and mental health treatment to inmates is inadequate and results in needless harm and

10  death.

11       50.    Welfare and safety checks by custody and mental health staff, when

12  done correctly, are an important part of protecting inmates in the LASD jails from

13  harm, including inmate on inmate violence. Defendants knew that health and welfare

14  checks conducted in units were part of violence prevention programs and that such

15  checks were necessary for inmate on inmate attack prevention.

16       51.    Prior to the attack of Plaintiff WESLEY ALARCIO, Defendants were

17  aware that there was a problem with custody and mental health failing to actually

18  perform required welfare and safety checks in the units at LASD jails, failing to

19  perform adequate welfare and safety checks and/or failing to take adequate measures

20  after observing violent during the welfare and safety checks.

21       52.    Defendants actions and omissions directly placed Plaintiff WESLEY

22  ALARCIO at substantial risk of the grievous and tragic harm that ultimately

23  occurred.

24       53.    As a direct and proximate cause to Defendants' actions and omissions,

25  Plaintiff WESLEY ALARCIO suffered and brain injury and is now comatose. He is

26  unable to communicate, or process information as would a normally functioning

27  adult.

28  ///

# VI.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Failure to Protect from Harm,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants Tigran I. Gevorkian, M.D.,**

**Kim R. Guy, M.D. and DOES 1 through 10**

54.     Plaintiff WESLEY ALARCIO, by and through his guardian ad litem, Rachel Alarcio, realleges and incorporates the foregoing paragraphs as if set forth herein.

55.     By the actions and omissions described above, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D. and DOES 1 through 10, which included the custodial and mental health staff of LASD's correctional facility TTCF, acting under the color of state law in their individual capacities, deprived WESLEY ALARCIO of the right to have his safety and life protected while in the custody of Defendants COUNTY OF LOS ANGELES,  LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and LOS ANGELES COUNTY MENTAL HEALTH DEPARTMENT as secured by the Fourteenth Amendment, by subjecting him, or through their deliberate indifference, allowing others to subject him, to a deprivation of these rights to be protected, proximately leading to him being violently beaten by inmate Kyler Austin Gray

56.     "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199-200 (1989). Indeed, detainees in jails and prisons are "restricted in their ability to fend for themselves" and are, therefore, far more vulnerable than the general population. *See Hare v. City of Corinth*, 74 F.3d

633, 639 (5th Cir. 1996). It is long settled that "prison officials have a duty … to protect prisoners from violence at the hands of other prisoners" because corrections officers have "stripped [the inmates] of virtually every means of self-protection and foreclosed their access to outside aid." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). The risk of inmate-on-inmate violence in the prison setting is well known.  Custodial staff, including deputies, lieutenants, sergeants, and correctional officers are not permitted to "bury their heads in the sand" and ignore these obvious risks to the inmate populations that they have an affirmative duty to protect. *See Walton v. Dawson*, 752 F.3d 1109, 1119 (8th Cir. 2014)

57.  Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D. and DOES 1 through 10, which included the custodial and mental health staff of LASD's correctional facility TTCF, knew or had reason to know that housing Plaintiff WESLEY ALARCIO in the Mental Health Moderate Observation Housing with violent inmate Kyler Austin Gray posed a substantial risk of serious harm to WESLEY ALARCIO, in view of the multitude of factors, including, but not limited to, the fact WESLEY ALARCIO had expressed safety concerns, and based on the fact that WESLEY ALARCIO had a variety of mental health conditions, as well as the fact that WESLEY ALARCIO.

58.  At the time WESLEY ALARCIO was beaten by Kyler Austin Gray, Defendants DOES 1 through 5, which included the custodial and mental health staff of the LASD correctional facility TTCF, were responsible for conducting proper cell checks, supervising inmates, and were responsible for protecting inmates from inmate-on-inmate violence by their cellmate.

59.  By the actions and omissions described above, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D. and DOES 1 through 10 violated 42 U.S.C. § 1983, depriving WESLEY ALARCIO of the right to be protected from violence at the hands of other inmates while in custody, as well as the right to one's liberty in bodily integrity, as secured by the Fourteenth Amendment.

60.     The listed Defendants' failure to intervene, prevent, or stop the constitutional violations by others, when Defendants were in a position to so intervene when such violations were occurring, also renders such Defendant(s) liable for these violations.

61.     Defendants subjected Plaintiff WESLEY ALARCIO to their wrongful conduct, depriving WESLEY ALARCIO and of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of WESLEY ALARCIO others would be violated by their acts and/or omissions.

62.     As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff WESLEY ALARCIO sustained injuries and damages, as set forth above. Plaintiff WESLEY is therefore entitled to general and compensatory damages in an amount to be proven at trial.

63.     In committing the acts alleged above, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D. and DOES 1 through 10, acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of Plaintiff WESLEY ALARCIO, and by reason thereof, Plaintiff WESLEY ALARCIO is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and other state and federal law against these individual Defendants; no punitive damages are sought directly against Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH.

64.     Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

///

///

///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

**Deliberate Indifference to Serious Medical and Mental Health Needs,**

**Violation of the Fourteenth Amendment to the United States Constitution**

**(42 U.S.C. § 1983)**

**As Against Defendants Tigran I. Gevorkian, M.D., Kim R. Guy, M.D.**

**and DOES 1 through 10**

65.     Plaintiff WESLEY ALARCIO, by and through his guardian ad litem, Rachel Alarcio, realleges and incorporates the foregoing paragraphs as if set forth herein.

66.     Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 through 10, which included the custodial and mental health staff of LASD's correctional facility TTCF, were on notice that their deficient policies, procedures, and practices alleged herein created substantial risk of serious harm, including inmate-on-inmate violence, to a mentally ill inmate in Plaintiff WESLEY ALARCIO's position.

67.     Each Defendant could have taken action to prevent unnecessary harm to Plaintiff WESLEY ALARCIO but refused or failed to do so.

68.     By policy, procedure, and practice, Defendants placed Plaintiff WESLEY ALARCIO in a position of vulnerability and danger from his cell mate, Kyler Austin Gray, and others because, on information and belief, his symptoms, left untreated, foreseeably manifested, causing WESLEY ALARCIO's cell mate and others to victimize and/or become angered by and/or act violently toward WESLEY ALARCIO; and, on the day of the violent attack, WESLEY ALARCIO'S untreated symptoms, on information and belief, at least in part caused Kyler Austin Gray to violently attack WESLEY ALARCIO. Defendants failed to take any reasonable steps to mitigate the obvious and well-known risk of harm including inmate-on-inmate violence, to a mentally ill inmate in Plaintiff WESLEY ALARCIO's position, that was attendant to housing Plaintiff WESLEY ALARCIO in this setting.

69.     Defendants also knew that deputies routinely failed to conduct required welfare and safety checks in the Mental Health Moderate Observation Housing and failed to take sufficient actions to correct this problem and ensure that necessary checks were performed.

70.     Defendants were on notice that their policies, procedures, and practices for monitoring mentally ill, vulnerable inmates in the Mental Health Moderate Observation Housing  of the TTCF were inadequate and gave rise to a substantial risk of serious harm.

71.     Defendants failed to properly train and supervise the custodial and mental health staff of TTCF regarding policies, procedures, and practices necessary for the protection of inmates from harm, including inmate-on-inmate violence targeting mentally ill, vulnerable inmates.

72.     Defendants' failure to correct their policies, procedures, and practices despite notice of significant and dangerous problems evidences deliberate indifference to the inmates in their care.

73.     Defendants TIGRAN I. GEVORKIAN, M.D. and KIM R. GUY, M.D., psych clearance of Plaintiff WESLEY ALARCIO allowing his transfer into the Mental Health Moderate Observation Housing where it was known violent inmates like Kyler Austin Gray preyed on mentally ill, vulnerable inmates like Plaintiff WESLEY ALARCIO,  directly placed Plaintiff WESLEY ALARCIO at a substantial risk of serious harm, including a violent attack by another inmate.

74.     Defendants DOES 1 through 5, including the custodial and mental health staff of LASD's correctional facility TTCF,  failure to conduct the required safety check of Plaintiff WESLEY ALARCIO housing unit on the date of the violent attack evidences deliberate indifference to the risk of harm to Plaintiff WESLEY ALARCIO.

75.     As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff WESLEY ALARCIO sustained injuries and damages, as set forth above.

1  Plaintiff WESLEY is therefore entitled to general and compensatory damages in an

2  amount to be proven at trial.

3       76.    In committing the acts alleged above, Defendants TIGRAN I.

4  GEVORKIAN, M.D., KIM R. GUY, M.D. and DOES 1 through 10 acted maliciously

5  and/or were guilty of a wanton and reckless disregard for the rights, safety, and

6  emotional well-being of Plaintiff WESLEY ALARCIO, and by reason thereof,

7  Plaintiff WESLEY ALARCIO is entitled to punitive damages and penalties allowable

8  under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq, and

9  other state and federal law against these individual Defendants; no punitive damages

10  are sought directly against Defendants COUNTY OF LOS ANGELES, LOS

11  ANGELES COUNTY SHERIFF'S DEPARTMENT and LOS ANGELES COUNTY

12  MENTAL HEALTH DEPARTMENT.

13       77.    Plaintiff is also entitled to reasonable costs and attorney's fees under 42

14  U.S.C. § 1988 and other applicable California codes and laws.

15  **THIRD CLAIM FOR RELIEF**

16  **Municipal Liability for Unconstitutional**

17  **Policies, Procedures, Practices and Customs**

18  **(42 U.S.C. § 1983)**

19  **As Against Defendants County of Los Angeles, Los Angeles County Sheriff's**

20  **Department, Los Angeles County Department of Mental Health and DOES 1**

21  **through 10**

22       78.    Plaintiff WESLEY ALARCIO, by and through his guardian ad litem,

23  Rachel Alarcio, realleges and incorporates the foregoing paragraphs as if set forth

24  herein.

25       79.    On and before July 14, 2018, and prior to the violent beating of Plaintiff

26  WESLEY ALARCIO, Defendants COUNTY OF LOS ANGELES, LOS ANGELES

27  COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY

28  DEPARTMENT OF MENTAL HEALTH were aware that Defendants TIGRAN I.

GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 through 10, which included the custodial and mental health staff of LASD's correctional facility TTCF,  had engaged in a custom and practice of callous and reckless disregard for the health and safety of mentally ill inmates in the Twin Towers Correctional Facility as summarized in the paragraphs above.

80.    Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, acting with deliberate indifference to the rights and liberties of those persons who would become inmates in the Twin Towers Correctional Facility, and of Plaintiff WESLEY ALARCIO, and of persons in WESLEY ALARCIO's class, situation and comparable position in particular, knowingly maintained, ratified, enforced and applied the policies, procedures, customs and practices described herein above.

81.    By reason of the aforementioned customs and practices, Plaintiff WESLEY ALARCIO was  severely injured and subjected to pain and suffering as alleged above in the First and Second Claims for Relief.

82.    Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these Defendants condoned, tolerated and through actions and inactions thereby ratified such customs and practices.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff WESLEY ALARCIO and other individuals similarly situated.

83. The policies, practices, and customs implemented, ratified and condoned were affirmatively linked to and were a significantly influential force behind the injuries to Plaintiff WESLEY ALARCIO.

84. By reason of the aforementioned unconstitutional policies, procedures, customs and practices, Plaintiff WESLEY ALARCIO was brutally beaten by violent inmate Kyler Austin Gray. Plaintiff WESLEY ALARCIO remains in a vegetative state since the attack.

85. At the time of the above-described incident, July 14, 2018, inmate-on-inmate assaults rose 31 percent in the preceding five years, from 2013 to 2018. This alarming trend of inmate-on-inmate violence was one of many criticisms the current LASD Sheriff Alex Villanueva had against his predecessor LASD Former Sherriff JIM MCDONNELL: https://www.kcrw.com/news/shows/press-play-with-madeleine-brand/la-sheriff-alex-villanueva-on-his-mistakes-and-whats-next/la-sheriff-alex-villanueva-on-his-mistakes-and-violence-at-the-county-jail .

86. On information and belief, Twin Towers Correctional Facility was overcrowded at the time Plaintiff WESLEY ALARCIO was brutally beaten, which contributed to the pressure to place WESLEY ALARCIO in a cell where Kyler Austin Grey could prey on him, despite the numerous indications that he should have been placed on single cell status. Plaintiffs allege, on information and belief, that conditions resulting from overcrowding at Twin Towers Correctional Facility caused or contributed to the death of WESLEY ALARCIO. Overcrowding in LASD jail facilities has led to the negligent, improper, and unconstitutional housing of inmates in LASD custody, including at the Twin Towers Correctional Facility, and including WESLEY ALARCIO.

87. Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, and Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 through 10 failed to ensure that Plaintiff WESLEY

1    ALARCIO was properly and appropriately assessed and classified prior to placing

2    him in a cell with Kyler Austin Gray.

3         88.    The Defendants' actions and omissions and the classification and

4    housing of Plaintiff WESLEY ALARCIO was contrary to generally accepted

5    custodial classification and housing practices, causing the beating of WESLEY

6    ALARCIO which has left him in a permanent vegetative state.

7         89.    Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and

8    DOES 6 through 10, each individually knew or reasonably should have known that

9    his subordinates were violating clearly established law and/or LASD policy and/or

10   were acting negligently pertaining to the classification and housing of inmates by,

11   inter alia, being deliberately indifferent to the record of past conduct of inmates

12   before celling them with other inmates, being deliberately indifferent to the mental

13   health status of inmates before celling them with other inmates, being deliberately

14   indifferent to the fact that an inmate has been designated a single-cell inmate, and/or

15   being deliberately indifferent to threats and statements made by inmates before

16   celling them with other inmates, being deliberately indifferent to inmates' status as

17   dropouts from prison gangs, and knew, should have known, or had reason to know

18   that their conduct would deprive the plaintiff of his constitutional rights to, inter alia,

19   life and liberty, and each defendant failed to act to prevent his subordinate from

20   engaging in such conduct.

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FOURTH CLAIM FOR RELIEF

### Supervisory Liability for Unconstitutional

### Policies, Procedures, Practices and Customs.

### (42 U.S.C. § 1983)

### As Against Defendants Jams McDonnell, Jonathan E. Sherin, M.D., PH.D. and DOES 1 through 10

90.     Plaintiff WESLEY ALARCIO, by and through his guardian ad litem, Rachel Alarcio, realleges and incorporates the foregoing paragraphs as if set forth herein.

91.     As supervisors, Defendants JAMES MCDONNEL, JONATHAN E. SHERIN, M.D., PH.D. and DOES 6 through 10, each permitted and failed to prevent the unconstitutional acts of other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of Plaintiff WESLEY ALARCIO. Each of these supervising Defendants either directed his or her subordinates in conduct that violated Plaintiff WESLEY ALARCIO's rights, or set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should have known would deprive Plaintiff WESLEY ALARCIO of rights, or knew his or her subordinates were engaging in acts likely to deprive Plaintiff WESLEY ALARCIO of rights and failed to act to prevent his or her subordinate from engaging in such conduct, or disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate Plaintiff WESLEY ALARCIO's rights, and in fact did cause the violation of Plaintiff WESLEY ALARCIO's rights. *See* Ninth Circuit Model Civil Jury Instruction 9.4.

92.     Furthermore, each of these supervising Defendants is liable in their failures to intervene in their subordinates' apparent violations of Plaintiff WESLEY ALARCIO's rights.

///

93.   On and before July 14, 2018, and prior to the violent beating of WESLEY ALARCIO, Defendants JAMES MCDONNEL, JONATHAN E. SHERIN, M.D., PH.D. and DOES 6 through 10, and each of them, were aware that Defendants DOES 1 through 5 had engaged in a custom and practice of being deliberately indifferent to the classification and housing of inmates by, inter alia, being deliberately indifferent to the record of past conduct of inmates before celling them with other inmates, being deliberately indifferent to the mental health status of inmates before celling them with other inmates, being deliberately indifferent to the fact that an inmate has been designated a single-cell inmate, and/or being deliberately indifferent to threats and statements made by inmates before celling them with other inmates, being deliberately indifferent to inmates' deteriorating mental and physical states rendering them vulnerable and as pray to violent inmates, and knew, should have known, or had reason to know that their conduct would deprive the Plaintiffs of their constitutional rights to, inter alia, life and liberty, and each Defendant failed to act to prevent his subordinate from engaging in such conduct.

94.   Defendants JAMES MCDONNELL and JONATHAN E. SHERIN, M.D., PH.D. are being sued in his individual and personal capacity.  Defendant JAMES MCDONNELL knew or reasonably could have known, of his subordinates' ongoing constitutional violations, deliberate indifference to the safety and protection of inmates in LASD custody and failure to investigate incidents involving inmate-on-inmate violence in the LASD jails, including Twin Towers Correctional Facility. Defendant JAMES MCDONNELL failed to act to prevent these acts and he acquiesced, condoned or ratified a custom, practice or policy of ongoing misconduct by his subordinates, including Defendants DOES 1 through 10.  Defendant JAMES MCDONNELL is sued in his individual capacity for his own culpable action or inaction in the training, supervisor, or control of his subordinates.  Defendant JAMES MCDONNELL is also sued for his acquiescence in the constitutional deprivations as alleged herein and/or conduct that showed a reckless or callous indifference to the

rights of inmates to be protected and safe while in LASD custody by implementation of policies, rules or directives. Defendant JAMES MCDONNELL's actions and/or inactions set in motion a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional violations alleged herein

95.     Plaintiffs are informed and believe and thereon allege that prior to the incident alleged herein, on or before July 14, 2018, and subsequent hereto, Defendant JAMES MCDONNELL knew or reasonably should have known, that LASD custodial staff, including deputies, lieutenants, sergeants, detectives, including Defendants DOES 1 through 10, in the course and scope of their employment under color of law, were deliberately indifferent to the safety and protection of inmates in LASD custody, failure to investigate to the prevalence of inmate-on-inmate violence existing within the LASD jails, including at Twin Towers Correctional Facility and violation of constitutional rights, which wrongful conduct resulted in mentally ill and vulnerable inmates being violently attacked while in custody.

96.     Defendants JAMES MCDONNEL, JONATHAN E. SHERIN, M.D., PH.D. and DOES 6 through 10, and each of them, acting with deliberate indifference to the rights and liberties of the public in general, and of the present Plaintiffs, and of persons in Plaintiff WESLEY ALARCIO's class, situation and comparable position in particular (mentally ill, physically vulnerable elderly  inmate, inter alia), knowingly maintained, enforced and applied customs and practices of:

   a.   Ratifying wrongful conduct by custodial and mental health staff which result in serious injuries and death to inmates in LASD custody, civil litigation judgments and settlements by failing to implement corrective action to prevent repetition of the wrongful conduct;

   b.   Failing to discipline, investigate and take corrective actions against LASD custodial and mental health staff for misconduct, including, but not limited to, showing grave deliberate indifference to the protection and safety of mentally ill, vulnerable inmates;

c.   Employing and retraining custodial and mental health staff, including DOES 1 through 5, who said Defendants knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating inmates and being deliberately indifference to the rights of inmates; and

d.   Inadequately supervising, training, controlling, assigning, and disciplining LASD custodial and mental health staff, including DOES 1 through 5, who said Defendants knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

97.   At the time of the above-described incident, July 14, 2018, inmate-on-inmate assaults rose 31 percent in the preceding five years, from 2013 to 2018.  This alarming trend of inmate-on-inmate violence was one of many criticisms the current LASD Sheriff Alex Villanueva had against his predecessor LASD Former Sherriff JIM MCDONNELL:  https://www.kcrw.com/news/shows/press-play-with-madeleine-brand/la-sheriff-alex-villanueva-on-his-mistakes-and-whats-next/la-sheriff-alex-villanueva-on-his-mistakes-and-violence-at-the-county-jail .

98.   By reason of the aforementioned customs and practices, Plaintiffs were severely injured and subjected to pain and suffering as alleged above in the First and Second Claims for Relief.

99.   By reason of the aforementioned acts and omissions, Plaintiff WESLEY ALARCIO was brutally and savagely beaten by inmate Kyler Austin Gray.

100.   Accordingly, Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH are liable to Plaintiffs for compensatory damages pursuant to 42 U.S.C. § 1983, and Defendants JAMES MCDONNEL, JONATHAN E. SHERIN, M.D., PH.D. and DOES 6 through 10, and each of them, are liable to Plaintiffs for punitive damages pursuant to 42 U.S.C. § 1983.

101.   As a direct and proximate result of the foregoing unconstitutional actions, omissions, practices, and/or procedures of Defendants JAMES MCDONNEL, JONATHAN E. SHERIN, M.D., PH.D. and DOES 6 through 10, and each of them, Plaintiff WESLEY ALARCIO sustained serious and permanent injuries and damages and is entitled to damages, penalties, costs, and attorneys' fees, as set forth above,  and punitive damages against Defendants JAMES MCDONNEL, JONATHAN E. SHERIN, M.D., PH.D. and DOES 6 through 10, and each of them, in their individual capacities.  No punitive damages are sought directly against Defendants COUNTY OF LOS ANGELES and LOS ANGELES COUNTY SHERIFF'S DEPARTMENT.

102.   Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

## FIFTH CLAIM FOR RELIEF

### Interference with Familial Association,

### Violation of Fourteenth Amendment to the United States Constitution

### (42 U.S.C. § 1983)

### As Against Defendants Tigran I. Gevorkian, M.D.,

### Kim R. Guy, M.D. and DOES 1 through 10

103.   Plaintiffs LIGAYA ALARCIO and RACHEL ALARCIO reallege and incorporate the foregoing paragraphs as if set forth herein, including all of the allegations of the First, Second, Third and Fourth Claims for Relief.

104.   This claim is brought pursuant to 42 U.S.C. §1983 for violation of plaintiff LIGAYA ALARCIO's and plaintiff RACHEL ALARCIO's rights under the Fourteenth Amendment.

105.   Pursuant to the Fourteenth Amendment to the United States Constitution, all persons the right to be free from unlawful state interference with their familial relations, and 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

106.   As a result of the misconduct of Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 through 10, which included the custodial and mental health staff of LASD's correctional facility TTCF, and as a result of the unconstitutional customs and practices of Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and LOS ANGELES COUNTY MENTAL HEALTH DEPARTMENT as alleged above, Plaintiff WESLEY ALARCIO suffered the violation of his civil rights and the resulting serious and permanent injuries.

107.   As result of the misconduct, the affirmative acts, the deliberate omissions, and the customs and practices alleged above against all defendants, Plaintiff WESLEY ALARCIO suffered permanent and significant impairment of his physical and mental functioning such that his wife and daughter cannot maintain a meaningful relationship with him and/or maintain a similar relationship with him as they once had.   These acts and omissions have caused a significant and meaningful infringement on the ability of Plaintiffs LIGAYA ALARCIO and RACHEL ALARCIO to maintain an emotional bond as protected by the Fourteenth Amendment.

108.   Because Plaintiff WESLEY ALARCIO is now in a permanent vegetative state, becoming permanently disabled physically and mentally, unable to care for himself and unable to engage with his wife and daughter physically, intellectually and emotionally as he once did.   Consequently, this has permanently and irreparably damaged the relationship between Plaintiffs LIGAYA ALARCIO and RACHEL ALARCIO and their husband/father WESLEY ALARCIO, thus violating these Plaintiffs' rights to familial integrity and association and their rights of the present Plaintiffs to be free from government interference in their relationship with their husband/father, Plaintiff WESLEY ALARCIO.

109.   In committing the acts alleged above, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D. and DOES 1 through 10, acted

maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of WESLEY ALARCIO, and by reason thereof, the present plaintiffs are entitled to punitive/exemplary damages and penalties against the individual Defendants.

**SIXTH CLAIM FOR RELIEF**

**Negligence**

**As Against All Defendants and DOES 1 through 10**

110.   Plaintiff WESLEY ALARCIO, by and through guardian ad litem, Rachel Alarcio, realleges and incorporates the foregoing paragraphs as if set forth herein.

111.   At all material times, Defendants JAMES MCDONNELL, JONATHAN E. SHERIN, M.D., PH.D., TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 to 10, owed Plaintiff WESLEY ALARCIO the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

112.   At all material times, each Defendant owed Plaintiff WESLEY ALARCIO the duty to act with reasonable care.

113.   These general duties of reasonable care and due care owed to Plaintiff WESLEY ALARCIO by all Defendants include, but are not limited, to the following specific obligations:

    a.    To provide safe and appropriate LASD custody at the Twin Towers Correctional Facility for Plaintiff WESLEY ALARCIO, including reasonable classification, monitoring, and housing, and ensuring proper cell checks, supervision, and monitoring;

    b.    To obey federal law, Supreme Court and Ninth Circuit precedent, and Court Orders for the care and safety of inmates, such as Plaintiff WESLEY ALARCIO;

    c.    To use generally accepted prison, custodial, institutional, law enforcement, and other inmate-safety-ensuring procedures that are

reasonable and appropriate for Plaintiff WESLEY ALARCIO's status and history as a LASD inmate with mental health needs;

d.   To prevent inmates from having access to alcohol, including inmate manufactured alcohol;

e.   To prevent inmates from engaging in and participating in illegal activities, or consumption of alcohol, which can precipitate inmate-on-inmate violence;

f.   To refrain from abusing their authority granted to them by law; and,

g.   To refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

114.   By the acts and omissions set forth more fully in the paragraphs above, Defendants acted negligently and breached their duty of due care owed to Plaintiff WESLEY ALARCIO, which foreseeably resulted in the suffering of damages by Plaintiff WESLEY ALARCIO.

115.   Defendants, through their acts and omissions, breached the aforementioned duties owed to Plaintiff WESLEY ALARCIO, and such breach proximately led to the brutal and violent beating of Plaintiff WESLEY ALARCIO by inmate Kyler Austin.  Among other reasons, Kyler Austin Gray clearly was afforded ample opportunity by Defendants 1 through 5 to commit the violent attack because, as is set forth *infra*, Plaintiff WESLEY ALARCIO was found unresponsive in the cell he shared with Kyler Austin Gray after a substantial amount of time had lapsed since the violent attack.

116.   On information and belief, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 through 5, all of which were custodial and mental health staff at the LASD correctional facility TTCF, acted with deliberate indifference and/or negligence by failing to properly supervise Kyler Austin Gray and Plaintiff WESLEY ALARCIO, failing to prevent Kyler Austin Gray from assaulting

1  Plaintiff WESLEY ALARCIO and failing to conduct proper and timely cell checks.

2      117.   Defendants JAMES MCDONNELL, JONATHAN E. SHERIN, M.D.,

3  PH.D.  and DOES 6 through 10 had a duty to hire, supervise, train, and retain

4  employees and/or agents so that employees and/or agents refrained from the conduct

5  and/or omissions alleged herein.

6      118.   Defendants JAMES MCDONNELL JONATHAN E. SHERIN, M.D.,

7  PH.D., and DOES 6 through 10 breached this duty, causing the conduct alleged

8  herein. Such breach constituted negligent hiring, supervision, training, and retention

9  under the laws of the State of California.

10      119.   As a direct and proximate result of the failure of Defendants JAMES

11  MCDONNELL JONATHAN E. SHERIN, M.D., PH.D., and DOES 6 through 10 to

12  carry out their duty to hire, supervise, train, and retain employees and/or agents so

13  that employees and/or agents refrained from the conduct and/or omissions alleged

14  herein, Plaintiffs suffered injuries and damages as alleged herein.

15      120.   At all times mentioned herein, Defendants DOES 1 through 10 were

16  acting in the course and scope of their employment with Defendants COUNTY OF

17  LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and LOS

18  ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH, which are

19  vicariously liable under the doctrine of *respondeat superior* pursuant to California

20  Government Code § 815.2.

21      121.   As a proximate result of the negligence of Defendants DOES 1 through

22  10, Plaintiff sustained injuries and damages, and against each listed Defendant in this

23  Count is entitled to the relief described above. Plaintiff also seeks punitive damages

24  against such individual Defendants in their individual capacities. Plaintiff does not

25  seek punitive damages against Defendants COUNTY OF LOS ANGELES, LOS

26  ANGELES COUNTY SHERIFF'S DEPARTMENT and LOS ANGELES COUNTY

27  DEPARTMENT OF MENTAL HEALTH.

28  ///

## SEVENTH CLAIM FOR RELIEF

### State Civil Rights Violations

### (California Civil Code § 52.1(b))

**As Against Defendants County of Los Angeles, Los Angeles County Sheriff's Department, Los Angeles County Department of Mental Health, Tigran I. Gevorkian, M.D., Kim R. Guy, M.D. and DOES 1 through 10**

122.   Plaintiff WESLEY ALARCIO, by and through guardian ad litem, Rachel Alarcio, realleges and incorporates the foregoing paragraphs as if set forth herein.

123.   By their acts, omissions, customs, and policies, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 to 10, which included custodial and mental health staff at the LASD correctional facility TTCF, acting in concert/conspiracy, as described above, and with threat, intimidation, and/or coercion, violated Plaintiffs' rights under California Civil Code § 52.1 and the following clearly established rights under the United States Constitution and California Constitution and law:

   a.   Plaintiff WESLEY ALARCIO's right to be free from deliberate indifference to WESLEY ALARCIO's safety needs while in LASD custody as an inmate, as secured by the Fourteenth Amendments to the United States Constitution and the California Constitution, Article 1, Section 7;

   b.   Plaintiff WESLEY ALARCIO's right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution, Article 1, Section 1; and,

   c.   Plaintiff WESLEY ALARCIO's right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43.

124.   Separate from, and above and beyond, Defendants' attempted

interference, interference with, and violation of Plaintiff's rights, Defendants violated Plaintiff's rights by the following conduct, among other conduct, constituting threat, intimidation, or coercion:

    a.    Intentionally and/or with deliberate indifference, failing to protect Plaintiff WESLEY ALARCIO from violence, when it was also obvious that in doing so, WESLEY ALARCIO's safety could be severely jeopardize as a violent attack which would leave him unresponsive and in a permanent vegetative state was foreseeable given his mental illnesses and deteriorating physical state, and Plaintiff's rights would also be violated;

    b.    Intentionally and/or with deliberate indifference, failing summon or provide appropriate mental health and psychiatric care, and failing to provide appropriate housing, thereby depriving Plaintiff WESLEY ALARCIO of mental health care, exacerbating his mental health conditions, subjecting WESLEY ALARCIO to needless and severe suffering, and exposing WESLEY ALARCIO to violence, when it was also obvious that in doing so, WESLEY ALARCIO would be victimized/assaulted/killed, and Plaintiffs' rights would also be violated;

    c.    Failing to protect Plaintiff WESLEY ALARCIO from physical harm or from being set up or violently attacked, despite the fact that WESLEY ALARCIO had expressed to numerous individuals fear for his own safety given his vulnerable physical and mental state, imminent risk of injury or death.

125.    At all times mentioned herein, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 to 10, were acting in the course and scope of their employment with Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and LOS ANGELES COUNTY

DEPARTMENT OF MENTAL HEALTH which are vicariously liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

126.   As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of Plaintiff's rights under the United States and California Constitutions and law, Plaintiff sustained injuries and damages, and against each Defendant named in in this cause of action is entitled to relief as set forth above, and punitive damages against all individual Defendants, including all damages and penalties allowed by California Civil Code §§ 52 and 52.1 and California law, three times actual damages, and attorneys' fees. no punitive damages are sought directly against the State of California.

## EIGHTH CLAIM FOR RELIEF

### Failure to Summon Immediate Medical Care

### (Violation of California Government Code § 845.6)

### As Against Defendants County of Los Angeles, Los Angeles County

### Sheriff's Department, Los Angeles County Department of Mental Health,

### Tigran I. Gevorkian, M.D., Kim R. Guy, M.D. and DOES 1 through 10

127.   Plaintiff WESLEY ALARCIO, by and through guardian ad litem, Rachel Alarcio, realleges and incorporates the foregoing paragraphs as if set forth herein.

128.   Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, in the alternative, failing to provide or summon the proper medical treatment for Plaintiff WESLEY ALARCIO directly placed him in a position of vulnerability and danger from his cell mate, Kyler Austin Gray, and others because, on information and belief, his symptoms, left untreated, foreseeably manifested, causing WESLEY ALARCIO's cell mate and others to victimize and/or become angered by and/or act violently toward WESLEY ALARCIO; and, on the day of the violent attack, WESLEY ALARCIO'S untreated symptoms, on information and belief, at least in part caused Kyler Austin Gray to violently attack WESLEY ALARCIO.

129.   Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 to 10, which included custodial and mental health staff at the LASD correctional facility TTCF, knew or had reason to know that Plaintiff WESLEY ALARCIO was in need of immediate and a higher level medical and psychiatric care, and psychotropic medication, for his own mental health as well as for his safety and well-being, and each Defendant failed to take reasonable action to summon and/or to provide him access to such medical care and treatment and/or provide him housing accommodations necessary for him under such circumstances. Each such individual Defendant, employed by and acting within the course and scope of his or her employment with Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH knowing and/or having reasons to know this, failed to take reasonable action to summon and/or provide WESLEY ALARCIO access to such care, treatment, and medically appropriate housing in violation of California Government Code § 845.6.

130.   As a proximate cause of the aforementioned acts and omissions of – and attributable under Government Code §§845.6 and 815.2 to – all Defendants, Plaintiff WESLEY ALARCIO was injured as set forth above and is entitled to all damages allowable under California law. Plaintiff sustained serious and permanent injuries and is entitled to damages, penalties, costs, and all remedies for to him under California State law.

131.   At all times mentioned herein, Defendants TIGRAN I. GEVORKIAN, M.D., KIM R. GUY, M.D., and DOES 1 to 10, were acting in the course and scope of their employment with Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, and LOS ANGELES DEPARTMENT OF MENTAL HEALTH which are vicariously liable under the doctrine of *respondeat superior* pursuant to California Government Code § 815.2.

132.   As a proximate result of the negligence of Defendants DOES 1 through

1  10, Plaintiff sustained injuries and damages, and against each listed Defendant in this

2  Count is entitled to the relief described above. Plaintiff also seeks punitive damages

3  against such individual Defendants in their individual capacities. Plaintiff does not

4  seek punitive damages against Defendants COUNTY OF LOS ANGELES and LOS

5  ANGELES COUNTY SHERIFF'S DEPARTMENT.

6                                    **VII.**

7                          **PRAYER FOR RELIEF**

8  **WHEREFORE**, Plaintiffs pray for the following relief:

9       1.    Compensatory damages in an amount according to proof, which is fair,

10  just, and reasonable;

11      2.    Punitive and exemplary damages under federal law and California law,

12  in an amount according to proof and in an amount which is fair, just, and reasonable

13  against each individual Defendant, except the municipal Defendants;

14      3.    All other damages, penalties, costs, interest, and attorneys' fees as

15  allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§

16  377.20 *et seq*., 377.60 *et seq*., and 1021.5; California Civil Code §§ 52 *et seq*., 52.1;

17  and as otherwise may be allowed by California and/or federal law; and

18      4.    For such other and further relief as the Court deems just and proper.

19

20  Dated: January 17, 2020                    CASILLAS & ASSOCIATES

21

22                                    By _/s/ Arnoldo Casillas_____
                                       ARNOLDO CASILLAS
23                                     DENISSE O. GASTÉLUM
                                       Attorneys for Plaintiffs,
24                                     WESLEY ALARCIO, by and through
25                                     guardian ad litem Rachel Alarcio, LIGAYA
                                       ALARCIO, RACHEL ALARCIO
26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

Dated: January 17, 2020          LALLANDE LAW, PLC

By _/s/ M. Lawrence Lallande, Sr. _____
M. LAWRENCE LALLANDE, SR.
KARINA N. LALLANDE
Attorneys for Plaintiffs,
WESLEY ALARCIO, by and through
guardian ad litem Rachel Alarcio, LIGAYA
ALARCIO, RACHEL ALARCIO

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

Plaintiffs WESLEY ALARCIO, by and through guardian ad litem Rachel Alarcio, LIGAYA ALARCIO, RACHEL ALARCIO hereby respectfully demands a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 17, 2020                    CASILLAS & ASSOCIATES


                                           By _/s/ Arnoldo Casillas_____
                                           ARNOLDO CASILLAS
                                           DENISSE O. GASTÉLUM
                                           Attorneys for Plaintiffs,
                                           WESLEY ALARCIO, by and through
                                           guardian ad litem Rachel Alarcio, LIGAYA
                                           ALARCIO, RACHEL ALARCIO



Dated: January 17, 2020                    LALLANDE LAW, PLC


                                           By _/s/ M. Lawrence Lallande, Sr. _____
                                           M. LAWRENCE LALLANDE, SR.
                                           KARINA N. LALLANDE
                                           Attorneys for Plaintiffs,
                                           WESLEY ALARCIO, by and through
                                           guardian ad litem Rachel Alarcio, LIGAYA
                                           ALARCIO, RACHEL ALARCIO