ARNOLDO CASILLAS, ESQ., SBN 158519
DENISSE O. GASTELUM, ESQ., SBN 282771
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Tel: (562) 203-3030; Fax: (323) 297-2833
Email:      acasillas@casillaslegal.com
              dgastelum@casillaslegal.com

M. LAWRENCE LALLANDE, SR., SBN 113663
KARINA N. LALLANDE, SBN 273883
**LALLANDE LAW, PLC**
2801 E. Spring Street, Suite 200
Long Beach, CA 90806
Tel.: (562) 436-8800; Fax: (562) 436-8810
Email: mll@lallandelaw.com
          knl@lallandelaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESLEY ALARCIO, an incompetent adult, by and through his Guardian Ad Litem, Rachel Alarcio; RACHEL ALARCIO; LIGAYA ALARCIO, <br><br>           Plaintiffs, <br><br> v. <br><br> COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; LOS ANGELES COUNTY DEPARTMENT OF MENTAL HEALTH; JAMES MCDONNELL; JONATHAN E. SHERIN, M.D., PH.D.; TIGRAN I. GEVORKIAN, M.D.; KIM R. GUY, M.D.; and DOES 1 to 10, <br><br>           Defendants. | **CASE NO.: 2:20-cv-00514-FMO-MRWx** *[Assigned to the Hon. Fernando M. Olguin; Courtroom 6D]* <br><br> **Discovery Document: Referred to Magistrate Judge Michael R. Wilner** <br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br><br> Complaint:   January 17, 2020 <br> Trial:       None Set |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure

1

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   and from use for any purpose other than prosecuting this litigation may be warranted.

2   Accordingly, the parties hereby stipulate to and petition the Court to enter the following

3   Stipulated Protective Order. The parties acknowledge that this Order does not confer

4   blanket protections on all disclosures or responses to discovery and that the protection

5   it affords from public disclosure and use extends only to the limited information or

6   items that are entitled to confidential treatment under the applicable legal principles.

7   The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated

8   Protective Order does not entitle them to file confidential information under seal; Civil

9   Local Rule 79-5 sets forth the procedures that must be followed and the standards that

10   will be applied when a party seeks permission from the court to file material under seal

11      B. <u>GOOD CAUSE STATEMENT</u>

12      Good cause exists for entry of this order.  As Plaintiffs are seeking and

13   Defendants may produce, among other things, third party private and confidential

14   information;  portions of the personnel files of the deputy personnel involved in the

15   subject incident, which contains confidential information, and information the County

16   of Los Angeles regards as official information; performance evaluations, work

17   schedules/logs and rosters, and training records for the involved deputy personnel;

18   inmate records; administrative investigation files, including but not limited to Detective

19   and Crime Scene Investigator(s) materials, Internal Affairs materials which contain

20   incident reports, witness statements, and other sensitive materials which the County of

21   Los Angeles believes need special protection from public disclosure.  The County of

22   Los Angeles preserves all objections to the production of certain of the above

23   referenced materials, and by entering into this protective order in no waives any such

24   objection.

25      Additionally, defendants may produce video and/or photos which contain

26   sensitive materials, which the County of Los Angeles believes need special protection

27   from public disclosure.

28

The documents identified in this Protective Order, which Defendants believe in good faith constitute or embody confidential information which the County of Los Angeles  maintains as strictly confidential and are otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, are therefore entitled to heightened protection from disclosure.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.   DEFINITIONS

2.1   Action: This pending federal lawsuit.

2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4   Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

///

///

3

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

2.5 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 <u>Party</u>: any party to this Action, including all of its officers, directors, board, departments, divisions, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection

only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see,  e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  The legend must not obstruct a Party's ability to view the contents of that document.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed

"CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)      for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)      for information produced in some form other than documentary and for any other tangible items, that, at a minimum, the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3      <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4      <u>Privilege Logs</u>.  If a party withholds information that is responsive to a discovery request by claiming that it is privileged or otherwise protected from discovery, that party shall promptly prepare and provide a privilege log that is sufficiently detailed and informative for the opposing party to assess whether a document's designation as privileged is justified.  See Fed.R.Civ.P. 26(b)(5).  The privilege log shall set forth the privilege relied upon and specify separately for each

document or for each category of similarly situated documents:

        (a)    the title and description of the document, including number of pages or Bates- number range;

        (b)     the subject matter addressed in the document;

        (c)    the identity and position of its author(s);

        (d)    the identity and position of all addressees and recipients;

        (e)    the date the document was prepared and, if different, the date(s) on which it was sent to or shared with persons other than its author(s); and

        (f)    the specific basis for the claim that the document is privileged and protected.

Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log

## 6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

    6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

    6.3   Failing informal resolution between parties, the Designating Party may file and serve a Motion for a Protective Order with the Court strictly pursuant to Local Rule 37, including the Joint Stipulation Procedure.  The parties agree that if the Motion for Protective Order is filed within 21 days of the written challenge (subject to extension upon agreement of the Parties), the Material will retain its original designation until the Court rules on the Motion for a Protective Order. If the Designating Party does not file a motion within the 21-day period following a challenge, the material is no longer designated as CONFIDENTIAL INFORMATION for purposes of this Stipulation, but that change in designation does not bar the

1    Producing Party from subsequently filing a motion for a protective order.

2    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

3        7.1    Basic Principles. A Receiving Party may use Protected Material that is

4    disclosed or produced by another Party or by a Non-Party in connection with this

5    Action only for prosecuting, defending, or attempting to settle this Action. Such

6    Protected Material may be disclosed only to the categories of persons and under the

7    conditions described in this Order. When the Action has been terminated, a Receiving

8    Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

9        Protected Material must be stored and maintained by a Receiving Party at a

10   location and in a secure manner that ensures that access is limited to the persons

11   authorized under this Order.

12       7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless

13   otherwise ordered by the court or permitted in writing by the Designating Party, a

14   Receiving Party may disclose any information or item designated "CONFIDENTIAL"

15   only to:

16       (a) the Receiving Party's Outside Counsel of Record in this Action, as well as

17   employees of said Outside Counsel of Record to whom it is reasonably necessary to

18   disclose the information for this Action;

19       (b) the officers, directors, and employees (including House Counsel) of the

20   Receiving Party to whom disclosure is reasonably necessary for this Action;

21       (c) Experts (as defined in this Order) of the Receiving Party to whom

22   disclosure is reasonably necessary for this Action and who have signed the

23   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24       (d) the court and its personnel;

25        (e) court reporters and their staff;

26       (f) professional jury or trial consultants, mock jurors, and Professional Vendors

27

28

                                            9
                    **[PROPOSED] STIPULATED PROTECTIVE ORDER**

to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issues in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures south to be pursued by

the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)   promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

[PROPOSED] STIPULATED PROTECTIVE ORDER

1              (3)     make the information requested available for inspection by the

2              Non-Party, if requested.

3       (c)    If the Non-Party fails to seek a protective order from this court within 14

4 days of receiving the notice and accompanying information, the Receiving Party may

5 produce the Non-Party's confidential information responsive to the discovery request.

6 If the Non-Party timely seeks a protective order, the Receiving Party shall not produce

7 any information in its possession or control that is subject to the confidentiality

8 agreement with the Non-Party before a determination by the court. Absent a court order

9 to the contrary, the Non-Party shall bear the burden and expense of seeking protection

10 in this court of its Protected Material.

11 10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

12       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

13 Protected Material to any person or in any circumstance not authorized under this

14 Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

15 the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve

16 all unauthorized copies of the Protected Material, (c) inform the person or persons to

17 whom unauthorized disclosures were made of all the terms of this Order, and (d)

18 request such person or persons to execute the "Acknowledgment and Agreement to Be

19 Bound" that is attached hereto as Exhibit A.

20 11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

21        <u>PROTECTED MATERIAL</u>.

22 When a Producing Party gives notice to Receiving Parties that certain inadvertently

23 produced material is subject to a claim of privilege or other protection, the obligations

24 of the Receiving Parties are those set forth in Federal Rule of Civil Procedure

25 26(b)(5)(B). This provision is not intended to modify whatever procedure may be

26 established in an e-discovery order that provides for production without prior privilege

27 review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13.   FINAL DISPOSITION.

After the final disposition of this Action (as defined in paragraph 4), within 60 days of a written request by the Designating Party, or another period of time agreed upon by the parties, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day or agreed upon deadline that (1) identifies (by category, where appropriate) all

the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: April 30, 2020          **CASILLAS & ASSOCIATES**


                               By _____
                               ARNOLDO CASILLAS
                               DENISSE O. GASTÉLUM
                               Attorneys for Plaintiffs,
                               WESLEY ALARCIO, by and through
                               guardian ad litem Rachel Alarcio, LIGAYA
                               ALARCIO, RACHEL ALARCIO

Dated: April 30, 2020          **LALLANDE LAW, PLC**


                               By _____
                               M. LAWRENCE LALLANDE, SR.
                               KARINA N. LALLANDE
                               Attorneys for Plaintiffs,
                               WESLEY ALARCIO, by and through
                               guardian ad litem Rachel Alarcio, LIGAYA
                               ALARCIO, RACHEL ALARCIO

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1    Dated: April 30, 2020               **MONROY, AVERBUCK & GYSLER**

2

3                                   By _____
                                    JON F. MONROY

4                                     JENNIFER GYSLER
                                    Attorneys for Defendants,

5                                     COUNTY OF LOS ANGELES, LOS

6                                     ANGELES COUNTY SHERIFF'S
                                    DEPARTMENT, LOS ANGELES COUNTY

7                                     DEPARTMENT OF MENTAL HEALTH,

8                                     JONATHAN E. SHERIN, M.D., PH.D.,
                                    TIGRAN I. GEVORKIAN, M.D., and KIM R.

9                                     GUY, M.D.

10

11   FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

12

13

14   DATED:__April 30, 2020___       _____

15                                   HON. MICHAEL R. WILNER
                                  United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____ in the

case of *Wesley Alarcio, et al. v. County of Los Angeles, et al.*, Case No. 2:20-cv-00514-

FMO-MRW. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

16

**[PROPOSED] STIPULATED PROTECTIVE ORDER**